IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERALD H. LOWERY, SR.                                                                           PLAINTIFF

v.                                          Civil No. 4:18-cv-04108

WARDEN JEFFIE WALKER, Miller County
Detention Center (MCDC); NURSE S. KING,
Head Nurse MCDC; NURSECHELSEA FOSTER,
MCDC; NURSELONNIE REDFEARN, MCDC;
DR. TIMOTHY REYNOLDS, MCDC; And
SHERIFF JACKIE RUNION                                                                           DEFENDANTS

## ORDER

Plaintiff Gerald H. Lowery, Sr. filed this 28 U.S.C. § 1983 action *pro se* on July 18, 2018. (ECF No. 1). Before the Court is Defendants Warden Jeffie Walker and Sheriff Jackie Runion's Motion to Dismiss. (ECF No. 11). Plaintiff has filed a response. (ECF No. 14).

Plaintiff's Complaint alleges he was denied medical care in the Miller County Detention Center. (ECF No. 1). In the instant motion Defendants Walker and Runion argue Plaintiff named them as defendants in the caption of the case but failed to allege any facts supporting any claims against them in the body of the Complaint. (ECF No. 12, p. 1). Plaintiff filed his response to the motion stating, "the Sheriff and the Warden are the pinnacle authority in the Jail in which Southern Health Partners Inc. are the contracted sole initial provider to any attention to health care rendered to me as an inmate housed in same said jail." (ECF No. 14, p. 2).

Although federal courts must view *pro se* pleadings liberally, a *pro se* complaint must contain specific facts supporting its conclusions. *Martin v. Sargent*, 780 f.2d 1334, 1337 (8th Cir. 1985). However, at this early stage of the litigation the Court finds that Plaintiff should be allowed the opportunity to file an amended complaint to clarify his claims. For this reason, Plaintiff is

1

directed to submit an Amended Complaint by **October 1, 2018. The Clerk is directed to mail the Plaintiff a court-approved 1983 form.** In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of each Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8. **Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.**

The First Amended Complaint must be retyped or rewritten in its entirely on the court-approved form. You may not refer to any part of the original complaint. A First Amended Complaint supersedes, or takes the place of, the original Complaint. After amendment, the Court will treat the original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint. **This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court's imposed deadline of October 1, 2018.** Accordingly, Defendants Walker and Runion's Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT.** Defendants should respond to the Amended Complaint and may file a motion to dismiss as appropriate.

IT IS SO ORDERED this 13th day of September 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE