IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERALD H. LOWERY, SR.                                                          PLAINTIFFS


v.                                   Case No. 4:18-cv-4108


WARDEN JEFFIE WALKER, Miller
County Detention Center (MCDC); NURSE
S. KING, Head Nurse MCDC; NURSE
CHELSEA FOSTER, MCDC; NURSE
LONNIE REDFEARN, MCDC; DR.
TIMOTHY REYNOLDS, MCDC;
SHERIFF JACKIE RUNION; SOUTHERN
HEALTH PARTNERS, INC.; and
MILLER COUNTY                                                                  DEFENDANTS

## ORDER

Before the Court is Plaintiff Gerald H. Lowery, Sr.'s Objection to Report and
Recommendation. (ECF No. 59). On September 30, 2019, the Honorable Barry A. Bryant, United
States Magistrate Judge for the Western District of Arkansas, issued two separate Reports and
Recommendations. (ECF Nos. 55-56).

In his first Report and Recommendation, Judge Bryant found that Plaintiff failed to produce
any evidence showing: (1) that Defendants Walker, Runion, and Miller County were personally
involved in the alleged inadequate medical care; (2) that Plaintiff failed to produce any evidence
that the meals served to him were nutritionally inadequate; and (3) that Plaintiff failed to produce
any evidence supporting a retaliation claim. Judge Bryant also found that Plaintiff failed to
produce evidence of a custom, practice, or policy of Defendant Miller County that caused the
alleged constitutional deprivations. Accordingly, Judge Bryant recommended that the Court grant
summary judgment in favor of Defendants Walker, Runion, and Miller County and dismiss all
claims against them.

In his second Report and Recommendation, Judge Bryant found that Plaintiff failed to submit any evidence supporting his claims of deliberate indifference and retaliation, with the exception of his claims against Defendants King and Foster for the alleged denial of pain medication, for which Judge Bryant determined that a genuine dispute of material fact existed. Judge Bryant also found that Plaintiff failed to submit evidence showing a custom, practice, or policy of Defendant Southern Health Partners Inc. that caused the alleged constitutional deprivations. Accordingly, Judge Bryant recommended that the Court grant summary judgment in favor of Defendants Foster; Reynolds; King; Redfearn; and Southern Health Partners, Inc.; and dismiss all claims against them, except for individual capacity claims against Defendants King and Foster for the alleged denial of pain medication.

The parties did not file timely objections to either Report and Recommendation and, on October 21, 2019, the Court adopted each *in toto* and dismissed various claims as recommended by Judge Bryant. On October 22, 2019, Plaintiff filed the present objections. Although the Court is under no obligation to review Plaintiff's untimely objections, it will do so, nonetheless.

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

Plaintiff's objections do not specify which Report and Recommendation he objects to, so the Court will consider the objections as to both Reports and Recommendations. Plaintiff objects on three bases. First, he appears to object to Judge Bryant's consideration of Defendants' evidence of various tests they performed to monitor Plaintiff's blood sugar levels. Second, he objects because he was not given the opportunity to have an emergency room physician testify why it was bad judgment to take Plaintiff off a successful insulin regimen shortly after he was incarcerated. Third, he objects that he was deprived of the chance to hear testimony from Defendant Reynolds regarding information stated in Defendant Reynolds' affidavit that was submitted in support of summary judgment. Plaintiff's objections are accompanied by his pre-incarceration medical documents from the Baptist Health Family Clinic in Bryant, Arkansas.

To begin, the Court does not believe that these evidence-based objections are specific. "[G]eneral and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" do not trigger *de novo* review. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 6916797, at *2 (D. Minn. Nov. 21, 2016). Plaintiff does not point the Court to any specific error of fact or law in Judge Bryant's Reports and Recommendations. Rather, Plaintiff objects because he feels that Defendants offered invalid evidence in support of their summary judgment motions and because he was unable to obtain certain evidence for use in this case. The Court finds that these objections are not specific enough to trigger *de novo* review. However, even if the Court assumes *arguendo* that the objections are specific, they would still fail for the following reasons.

A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir.

2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.*

Plaintiff did not raise any of his evidence-based objections with Judge Bryant. The Court will not second-guess Judge Bryant's reasoning based on arguments that should have been presented to Judge Bryant for consideration but were only raised for the first time after the fact. Thus, the Court should not consider those objections here.[1] However, given Plaintiff's pro se status, the Court will address the objections.

Plaintiff's first objection seems to be that Defendants' evidence of his blood sugar levels was premised on inaccurate and unreliable medical tests and, thus, Judge Bryant should not have considered that evidence. If Plaintiff felt that this evidence should not be considered on summary judgment, he should have filed a motion to that effect or at least objected somehow before Judge

---

[1] For the same reason, the Court will not consider the exhibit attached to Plaintiff's objections because that evidence should have been submitted with Plaintiff's responses to the summary judgment motions. Judge Bryant even allowed Plaintiff to supplement his summary judgment responses with additional evidence, and Plaintiff's medical records from the clinic in Bryant, Arkansas were not offered as part of that supplement. The time for Plaintiff to submit summary judgment evidence has passed. Moreover, even if the Court were inclined to consider the evidence, Plaintiff has not explained its relevance or pointed the Court to any specific part in the fifty-nine-page exhibit that creates a genuine issue of material fact. The Court is not required "to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (internal quotation marks omitted); *see also Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004) (holding the nonmovant failed to satisfy the Rule 56 specificity requirement by attaching voluminous exhibits to his response "and inviting the district judge to read them in their entirety, without designating which specific facts contained therein created a genuine issue").

Bryant issued the Reports and Recommendations.[2]  Instead, Plaintiff did not raise any issue with the evidence in his responses to the summary judgment motions.  Alternatively, Plaintiff could have offered some contradictory proof of his blood sugar levels, thereby creating an issue for trial. He did not do so.  Thus, the Court is not persuaded by Plaintiff's first objection.

Plaintiff's second objection is that he was not allowed to have an emergency room physician testify as to the medical soundness of taking him off a specific insulin regimen when he was incarcerated.  This objection fails because Plaintiff was not required to produce testimony from an emergency room physician to survive the summary judgment stage.  To be certain, Plaintiff bore the burden of offering evidence demonstrating a genuine dispute of material fact, and deposition testimony is one valid form of summary judgment evidence.[3]  However, Plaintiff could have offered the physician's testimony in other ways, such as an affidavit or unsworn declaration, and Plaintiff offered no evidence related to the physician at all.  The Court is not persuaded that Plaintiff was unduly prejudiced by any inability to offer the deposition testimony of a physician.

Plaintiff's third objection, that he was not allowed to hear the live testimony of Defendant Reynolds, presumably because he wished to cross-examine him, is likewise insufficient. At the summary judgment stage, Plaintiff "must set forth specific facts showing that there is a genuine issue for trial." *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999).  When a movant has offered facts in support of summary judgment, "the opponent must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the

---

[2] To the extent that Plaintiff's argument is that the blood-sugar evidence should not be admitted at trial, the Court's rationale remains the same.  That argument is improperly raised in the instant objections and, instead, should be presented in a separate motion in limine.

[3] Plaintiff did not specify, but the Court assumes that by "testimony," Plaintiff refers to deposition testimony.

movant's evidence at trial." *Matter of Citizens Loan & Sav. Co.*, 621 F.2d 911, 913 (8th Cir. 1980). Plaintiff has not produced evidence contradicting Defendant Reynolds' affidavit, thereby creating a dispute of material fact. Rather, Plaintiff seems to rest on the hope of discrediting Defendant Reynolds' testimony at trial. This is insufficient to overcome summary judgment and, consequently, the Court finds that summary judgment was properly granted.

Upon *de novo* review of the Reports and Recommendations, and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Reports and Recommendations. Accordingly, the Court hereby overrules Plaintiff's objections and declines to disturb its October 21, 2019 orders adopting the Reports and Recommendations.

**IT IS SO ORDERED**, this 8th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge